IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00359-FDW
(3:92-cr-00238-FDW-1)

| | |
|---|---|
| KAREEM ABDUL TOMLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed as successive.

I.        BACKGROUND

On June 8, 1993, Petitioner entered into a plea agreement with the Government and agreed to plead guilty to multiple counts in a bill of information related to a wide-ranging drug conspiracy. The charges included racketeering, assault and murder in aid of racketeering, and one count related to the use and carry of a firearm in relation to a crime of violence and aiding and abetting the same. (3:92-cr-00238-FDW, Doc. No. 3: Paper Docket Sheet at 2). Petitioner's guilty plea was accepted the next day following a Plea and Rule 11 hearing where Petitioner was placed under oath and advised of each of the elements of the charged offense and admitted that he was in fact guilty of each of the charged offenses.[1] On November 16, 1993, Petitioner

---

[1] At the time Petitioner was charged he was a juvenile and the court records pertaining to his case were ordered under seal, but they were later unsealed after the Court found that he should be prosecuted as an adult.

1

appeared for his sentencing hearing and the Court found that there was a factual basis to support his conviction on each count and his guilty pleas were therefore reaffirmed. Petitioner was sentenced to a term of 480-months' imprisonment on the drug conspiracy, racketeering, and the assault and murder in aid of racketeering convictions, and a mandatory consecutive term of 60-months' imprisonment on the § 922(c) conviction for carrying and using a firearm in relation to a crime of violence (Count 10) for a total term of 540 months. Judgment was entered on March 15, 1994 and Petitioner did not file a direct appeal.

On or about March 28, 2001, Petitioner filed a *pro se* § 2255 motion to vacate in which he raised claims that he was actually innocent of the racketeering charges and that his drug conspiracy conviction should be set aside. The § 2255 motion was dismissed after the Court found that it was filed approximately seven years after his conviction became final, and Petitioner had presented no just reason to entertain his claims outside the one-year statute of limitation as set forth in the provisions of § 2255(f). (3:01-cv-00150-RLV, Doc. No. 6: Order, filed June 25, 2001). Subsequent collateral challenges to his criminal judgment were dismissed as untimely. See (Case Nos. 3:07-cv-00410-FDW; 3:12-cv-00578-FDW; 3:15-cv-311-FDW; 3:16-cv-245-FDW).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has previously filed unsuccessful collateral challenges to his judgment, as noted above, and Petitioner has failed to present evidence that he has obtained the necessary authorization from the Fourth Circuit to proceed with another collateral attack on his criminal judgment. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d at 205. For the foregoing reasons, Petitioner's collateral challenge will be dismissed without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED without prejudice** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: June 23, 2016

Frank D. Whitney
Chief United States District Judge